Steven G. MASON, Plaintiff,

v.

THE FLORIDA BAR, Defendant.

No. 97–1493–CIV–ORL–18A.

United States District Court,
M.D. Florida,
Orlando Division.

Dec. 15, 1998.

**1330**

Terrence Edward Kehoe, Terrence E. Kehoe, Orlando, FL, for Plaintiff.

Barry Scott Richard, Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, Tallahassee, FL, for Defendant.

## ORDER

G. KENDALL SHARP, District Judge.

Steven Mason, an attorney, brings this action against the Florida Bar arguing that the Bar violated Mr. Mason's constitutional rights when it required Mr. Mason to place a disclaimer in his yellow pages advertisement. Following a non-jury trial and a review of the record and the applicable law, the court finds that the Florida Bar's disclaimer requirement does not infringe upon Mr. Mason's constitutional rights.

### I. Findings of Fact

Mr. Mason is an attorney licensed to practice law in the State of Florida. To advertise his legal services, Mr. Mason purchased a yellow pages advertisement, part of which reads:

"AV" rated, the Highest Rating

Martindale–Hubbell National

Legal Directory.

The advertisement contains no other information involving the rating.

Martindale–Hubbell is a publication that rates certain lawyers based upon opinions expressed by lawyers and judges whose names remain confidential with Martindale–Hubbell. Martindale–Hubbell places the lawyers that it rates into three categories: CV, BV, and AV. The AV rating represents the highest degree of professional and ethical achievement among the three categories. Information explaining the ratings is available in public libraries and on the Internet.

When Mr. Mason submitted his advertisement to the Bar for approval, the Bar did not dispute the truth of Mr. Mason's advertisement. Instead, the Bar objected to the advertisement finding that the words "the Highest Rating" characterized the nature of· Mr. Mason's services in violation of Rule 4–7.2(j), Rules Regulating the Florida Bar. To remedy the defect, the Florida Bar required the advertisement to state that Martindale–Hubbell does not rate all lawyers, and that the ratings are based exclusively upon information received from confidential sources. Mr. Mason refused to comply with the Bar's request, and the present litigation ensued.

### II. Conclusions of Law

This case involves a constitutional challenge to Rule 4–7.2(j) of the Rules Regulating the Florida Bar. Rule 4–7.2(j) provides that "[a] lawyer shall not make statements that are merely self-laudatory or statements describing or characterizing the quality of the lawyer's services in advertisements and written communications..." Mr. Mason challenges the rule on two grounds, arguing that the rule, as applied to him, violates his First Amendment right of free speech, and that the rule is unconstitutionally vague. The court will address each argument in turn.

### A. Freedom of Expression

A lawyer's advertisement, such as Mr. Mason's yellow pages advertisement, is commercial speech protected by the First Amendment. *See Bates v. State Bar of Arizona*, 433 U.S. 350, 365–66, 97 S.Ct. 2691, 53 L.Ed.2d 810 (1977); *Peel v. Attorney Registration and Disciplinary Comm'n*, 496 U.S. 91, 100, 110 S.Ct. 2281, 110 L.Ed.2d 83 (1990). Although the First Amendment protects commercial speech, a State may regulate commercial speech where (1) the State offers a substantial governmental interest for the regulation, (2) the regulation advances

the substantial interest, and (3) the regulation is narrowly drawn. *See Central Hudson Gas & Elec. Corp. v. Public Serv. Comm'n,* 447 U.S. 557, 563–64, 100 S.Ct. 2343, 65 L.Ed.2d 341 (1980).

### 1. Substantial Governmental Interests

The Bar offers three substantial governmental interests to justify the Bar's disclaimer requirement. The Bar asserts that the State has a substantial governmental interest in ensuring (1) that lawyer advertisements are not misleading, (2) that the public has access to relevant information to assist in the comparison and selection of attorneys, and (3) that rating services have a strong incentive to use objective criteria.

Each of the reasons constitutes a substantial governmental interest. The Supreme Court has recognized that States may regulate attorney advertising that is potentially misleading, and the Court has found that the advertisement of private certification can be potentially misleading. *See Peel,* 496 U.S. at 100–106, 110 S.Ct. 2281; *In re R.M.J.,* 455 U.S. 191, 206–7, 102 S.Ct. 929, 71 L.Ed.2d 64 (1982). Moreover, a State has an interest in ensuring that the public has access to meaningful information about attorneys so that the public can properly take advantage of the State's legal system. Finally, encouraging rating systems to use objective criteria is a substantial governmental interest because ratings based upon objective criteria provide more useful information to the public than those based upon subjective criteria.

Mr. Mason argues that the State does not have a substantial governmental interest because the Florida Bar lacks sufficient evidence to show that "the Highest Rating" is potentially misleading. Further, Mr. Mason contends that the phrase is not misleading because the public is familiar with Martindale–Hubbell's rating system or at least has access to information that would explain the system. In support, Mr. Mason offers evidence that the public can use resources in public libraries and on the Internet to learn about the Martindale–Hubbell rating system.

Contrary to Mr. Mason's assertions, the Bar offered evidence to show that the public is unfamiliar with Martindale–Hubbell and that the public's unfamiliarity makes Mr. Mason's advertisement potentially misleading. The 1998 Martindale–Hubbell Law Directory shows that attorneys are the principal users of Martindale–Hubbell's publications. The foreword to the directory states that Martindale–Hubbell is "the *legal community's* most widely consulted and most respected directory of lawyers and law firms" and that Martindale–Hubbell's objective is to "meet the *legal community's* ever-evolving information needs." Pl.'s Ex. No. 17 (emphasis added). Attorneys rely on the directory and rating system to evaluate opposing counsel and to provide referrals. Because attorneys are the principal users of Martindale–Hubbell and because Martindale–Hubbell was created to serve the legal community, the court finds that the general public is unfamiliar with Martindale–Hubbell and its rating system.

■ Although the public may have access to information about Martindale–Hubbell through the library and the Internet, Mr. Mason's advertisement is still potentially misleading because prospective clients probably would not investigate Martindale–Hubbell merely to assess Mr. Mason's worth as an attorney. Not only is it time-consuming to investigate each of Mr. Mason's credentials, but also the advertisement fails to state that information about Martindale–Hubbell's rating system is available in libraries and on the Internet. Because the public is generally unfamiliar with Martindale–Hubbell and because prospective clients probably would not investigate Martindale–Hubbell merely to assess Mr. Mason's rating, a substantial governmental interest exists in ensuring that the phrase, "the Highest Rating," is explained so that it does not mislead prospective clients.

Mr. Mason also argues that his advertisement is not misleading under the authority of *Ibanez v. Florida Dep't of Bus. and Prof'l Regulation,* 512 U.S. 136, 146–47, 114 S.Ct. 2084, 129 L.Ed.2d 118 (1994). Mr. Mason improperly relies upon *Ibanez* because, in *Ibanez,* an agency reprimanded an attorney for including the privately sanctioned designation, Certified Financial Planner, whereas the present case involves an attempt to explain a private firm's rating with the words "the Highest Rating." Unlike in *Ibanez,* the Bar does not challenge Mr. Mason's right to state that he is "AV Rated." Instead, the

Bar demands that if Mr. Mason attempts to partially explain his Martindale–Hubbell rating with the words, "the Highest Rating," then he must provide enough of an explanation so that the public will not be misled.

### 2. Advancement of the Substantial Interests

■ The Bar's disclaimer requirement serves all three governmental interests. The disclaimer clarifies the language "the Highest Rating" so that prospective clients do not believe that the rating is based upon objective criteria applied to all Florida attorneys. Although Rule 4–7.2(j) does not address the issue of disclaimers, the Supreme Court has encouraged states to use disclaimers to clarify potentially misleading advertising. In *Peel,* the Supreme Court addressed the constitutionality of a State's ban on an advertisement containing a private certification. 496 U.S. at 101, 110 S.Ct. 2281. The Court recognized that a private certification can be potentially misleading and held that, while a total ban on potentially misleading advertising is unconstitutional, a state could apply "less restrictive regulation of commercial speech." *Id.* at 110, 110 S.Ct. 2281. For example, "[A] State might consider screening certifying organizations or *requiring a disclaimer* about the certifying organization or the standards of a specialty." *Id.* (emphasis added); *see also Central Hudson Gas & Elec. Corp.,* 447 U.S. at 570–71, 100 S.Ct. 2343 (recommending a disclaimer); *Abramson v. Gonzalez,* 949 F.2d 1567, 1577 (11th Cir.1992). In sum, the Supreme Court found that disclaimers would advance the governmental interest of preventing potentially misleading advertisements.

Also, the disclaimer advances the second governmental interest because the disclaimer ensures that the public has access to relevant information. Without a disclaimer, attorneys could freely advertise lofty achievements without informing the public whether the achievements are based upon objective, verifiable criteria. The disclaimer requirement forces attorneys to provide additional information when a rating system is based solely upon subjective, unverifiable criteria, and thus increases the amount of relevant information available to the public.

Moreover, the disclaimer encourages the use of objective criteria. Without a disclaimer requirement, rating organizations would have less incentive to use objective criteria.

Mr. Mason argues that the requirement does not advance the governmental interests because the Bar has not applied the rule consistently. Mr. Mason offers several sample advertisements to show that the Bar has inconsistently applied its rule.

For example, Mr. Mason emphasized at trial that the Bar allows attorneys to advertise that they are "Board Certified." Mr. Mason argues that the words "Board Certified" characterize the nature of an attorney's services just like the words, "the Highest Rating." The Bar draws a distinction between the two phrases because "Board Certified" is based upon objective criteria while the Martindale–Hubbell rating is based upon subjective criteria. Specifically, an attorney cannot become Board Certified unless the attorney, among other things, has the requisite number of years of experience or continuing education hours. This information is objectively verifiable. In contrast, Martindale–Hubbell's rating is based solely upon the opinions of confidential sources, which are both subjective and nonverifiable. In other words, the Bar's distinction serves the governmental interest of encouraging rating systems to use objective criteria. Because the Bar's distinction serves the State's substantial governmental interest, the Bar has applied its rule consistently.

Mr. Mason offered several other sample advertisements as well. However, he fails to argue that the Bar had approved of an advertisement similar to Mr. Mason's, and the court finds that the Bar has consistently applied Rule 4–7.2(j).

### 3. Narrowly Tailored

The Supreme Court has repeatedly emphasized that a disclaimer requirement is a narrowly tailored measure for regulating commercial speech. *See Zauderer v. Office of Disciplinary Counsel,* 471 U.S. 626, 650, 105 S.Ct. 2265, 85 L.Ed.2d 652 (1985). The Court has stated:

Thus, in virtually all our commercial speech decisions to date, we have empha-

sized that because disclosure requirements trench much more narrowly on an advertiser's interests than do flat prohibitions on speech, "warnings or disclaimers might be appropriately required ... in order to dissipate the possibility of consumer confusion or deception." *Id.*

Rather than prohibiting Mr. Mason from using the words "the Highest Rating," the Bar merely asks Mr. Mason to include a single sentence in his advertisement to explain the potentially misleading language. The requirement meets the State's substantial governmental interests while still allowing Mr. Mason to exercise his First Amendment Rights and state that he has "the Highest Rating." Consequently, the requirement is narrowly tailored. Further, the requirement is not unduly burdensome because the sentence can easily fit within Mr. Mason's advertisement. *Cf. Ibanez*, 512 U.S. at 146–47, 114 S.Ct. 2084 (finding a disclaimer requirement too burdensome where the disclaimer had to state that a private, certifying agency was not associated with the government and where the disclaimer had to set forth the agency's certification requirements).

## B. Void for Vagueness

A regulation is unconstitutionally vague where "men of common intelligence must necessarily guess at its meaning." *Broadrick v. Oklahoma*, 413 U.S. 601, 607, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973) (quoting *Connally v. General Constr. Co.*, 269 U.S. 385, 391, 46 S.Ct. 126, 70 L.Ed. 322 (1926)). The vagueness doctrine ensures that the law apprises a citizen of what activity is forbidden and that the law has sufficient clarity and guidelines to protect against arbitrary enforcement. *See Kolender v. Lawson*, 461 U.S. 352, 357–58, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983).

Again, Rule 4–7.2(j) provides that "[a] lawyer shall not make statements that are merely self-laudatory or statements describing or characterizing the quality of the lawyer's services in advertisements and written communications." Only an attorney could be confused by that language.

Moreover, the Bar offers a formal procedure for attorneys who seek advice on the interpretation of the Bar's rules. The procedure further bolsters the validity of the rule because the procedure clarifies the rule and apprises attorneys of what the rule requires. *See Arnett v. Kennedy*, 416 U.S. 134, 160, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974); *United States Civil Serv. Comm'n v. National Assoc. of Letter Carriers*, 413 U.S. 548, 580, 93 S.Ct. 2880, 37 L.Ed.2d 796 (1973). Because the rule's language is clear and because the Bar provides a formal procedure for attorneys to obtain advice regarding compliance with the rule, the rule is not void for vagueness.

### III. Conclusion

This case is a tempest in a teapot wherein Mr. Mason challenges the sensible requirement that if an attorney characterizes his Martindale–Hubbell rating with the words "the Highest Rating," then he must explain what that means to a public generally unfamiliar with the Martindale–Hubbell rating system. The Florida Bar has a substantial governmental interest in ensuring that Mr. Mason's advertisement does not mislead the public, and the Bar has advanced that interest with the narrowly tailored requirement that Mr. Mason include a single sentence in his advertisement to explain the potentially misleading statement. Therefore, the court finds in favor of the defendant, the Florida Bar.

The court directs the clerk of court to enter the appropriate judgment and close the case.